JEW

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-351-1 (4)
NO. 5:12-CR-351-2 (4)
NO. 5:12-CR-351-3 (4)
NO. 5:12-CR-351-4 (4)
NO. 5:12-CR-351-5 (4)
NO. 5:12-CR-351-6 (4)
NO. 5:12-CR-351-7 (4)
NO. 5:12-CR-351-8 (4)
NO. 5:12-CR-351-9 (4)
NO. 5:12-CR-351-10 (4)
NO. 5:12-CR-351-11 (4)
NO. 5:12-CR-351-12 (4)
NO. 5:12-CR-351-13 (4)
NO. 5:12-CR-351-14 (4)
NO. 5:12-CR-351-15 (4)
NO. 5:12-CR-351-16 (4)

FILED IN OPEN COURT
ON 10-24-2012
Julie A. Richards, Clerk
US District Court
Eastern District of NC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| JOHN SAVAGE | ) | |
| CANDY MEDLIN | ) | |
| LARRY MEDLIN | ) | |
| ALLEN BASS | ) | |
| LARRY BAREFOOT | ) | |
| J.R. THORNTON | ) | |
| JAMIE HUNT | ) | |
| GEORGE MYRON ADAMS | ) | |
| TERESA DARDEN | ) | |
| STEVEN McCALL | ) | |
| KEITH BRITT | ) | |
| CHRISTINA BRITT | ) | |
| RYAN MEYERS | ) | |
| JACKIE JOYNER | ) | |
| SHANNON KIDWELL | ) | |
| JAMIE LOU DENNING | ) | |

The Grand Jury charges that:

## COUNT ONE

Beginning in or about January of 2006, the exact date being unknown, and continuing up to and including on or about the date of the indictment in the Eastern District of North Carolina, and elsewhere, JOHN SAVAGE, CANDY MEDLIN, LARRY MEDLIN, ALLEN BASS, LARRY BAREFOOT, J.R. THORNTON, JAMIE HUNT, GEORGE MYRON ADAMS, TERESA DARDEN, STEVEN McCALL, KEITH BRITT, CHRISTINA BRITT, RYAN MEYERS, JACKIE JOYNER, SHANNON KIDWELL and JAMIE LOU DENNING, the defendants herein, did knowingly, and intentionally, combine, conspire, confederate, agree and have a tacit understanding with each other and with others known and unknown, to knowingly and intentionally manufacture, distribute, dispense and possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about November 7, 2009, in the Eastern District of North Carolina, JAMIE HUNT, the defendant herein, did knowingly and intentionally possess with the intent to distribute a

quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE

On or about December 14, 2009, in the Eastern District of North Carolina, TERESA DARDEN, the defendant herein, did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FOUR

On or about March 19, 2010, in the Eastern District of North Carolina, STEVEN McCALL, the defendant herein, did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FIVE

On or about April 1, 2010, in the Eastern District of North Carolina, JOHN SAVAGE, CANDY MEDLIN and GEORGE MYRON ADAMS, the defendants herein, aiding and abetting each other and others, known and unknown, did knowingly and intentionally possess

equipment, chemicals, products and material with the intent to manufacture a controlled substance or listed chemical, to wit: methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(6) and Title 18, United States Code, Section 2.

COUNT SIX

On or about April 1, 2010, in the Eastern District of North Carolina, JOHN SAVAGE, CANDY MEDLIN and GEORGE MYRON ADAMS, the defendants herein, aiding and abetting each other and others, known and unknown, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1) and Title 18, United States Code, Section 2.

COUNT SEVEN

On or about April 1, 2010, in the Eastern District of North Carolina, JOHN SAVAGE, CANDY MEDLIN and GEORGE MYRON ADAMS, the defendants herein, aiding and abetting each other and others, known and unknown, did knowingly and intentionally possess with the intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT EIGHT

On or about April 1, 2010, in the Eastern District of North Carolina, JOHN SAVAGE, the defendant herein, knowingly possessed a firearm, having a barrel length of less than eighteen (18) inches or an overall length of less than twenty-six (26) inches in furtherance of a drug trafficking offense, for which he may be prosecuted in a court of the United States, as set forth in Count ~~Eight~~ SEVEN of the Indictment, in violation of Title 18, United States Code 924(c).

COUNT NINE

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, JOHN SAVAGE, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT TEN

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District

of North Carolina, CANDY MEDLIN, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT ELEVEN

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, LARRY MEDLIN, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT TWELVE

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, ALLEN BASS, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT THIRTEEN

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, LARRY BAREFOOT, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT FOURTEEN

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, J.R. THORNTON, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT FIFTEEN

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District

of North Carolina, JAMIE HUNT, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

## COUNT SIXTEEN

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, GEORGE MYRON ADAMS, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

## COUNT SEVENTEEN

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, TERESA DARDEN, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT EIGHTEEN

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, STEVEN McCALL, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT NINETEEN

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, KEITH BRITT, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT TWENTY

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District

of North Carolina, CHRISTINA BRITT, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT TWENTY-ONE

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, RYAN MEYERS, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT TWENTY-TWO

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, JACKIE JOYNER, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT TWENTY-THREE

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, SHANNON KIDWELL, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

COUNT TWENTY-FOUR

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, JAMIE LOU DENNING, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

<u>FORFEITURE NOTICE</u>

These defendants are given notice of the provisions of 21 United States Code, Section 853, that all of their interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offenses in Counts One through Twenty-Five of the indictment, the defendants shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in Counts One through Twenty-Five of the indictment and any property, real or personal, involved in such offenses, or any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL:

FOREPERSON

DATE: 10/23/12

REDACTED VERSION

Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

THOMAS G. WALKER
United States Attorney

BY: JENNIFER E. WELLS
Assistant United States Attorney