UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00351-F-10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| STEVEN McCALL, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss Count Eighteen, or In the Alternative, For A Bill of Particulars [DE-291]. The Government has filed a Response [DE-299], and this matter is now ripe for disposition.

Defendant is charged in Counts One, Four, and Eighteen of the indictment. Count One charges as follows:

> Beginning in or about January of 2006, the exact date being unknown, and continuing up to and including on or about the date of the indictment in the Eastern District of North Carolina, and elsewhere, JOHN SAVAGE, CANDY MEDLIN, LARRY MEDLIN, ALLEN BASS, LARRY BAREFOOT, J.R. THORNTON, JAMIE HUNT, GEORGE MYRON ADAMS, TERESA DARDEN, STEVEN McCALL, KEITH BRITT, CHRISTINA BRITT, RYAN MEYERS, JACKIE JOYNER, SHANNON KIDWELL AND JAMIE LOU DENNING, the defendants herein, did knowingly, and intentionally, combine, conspire, confederate, agree and have a tacit understanding with each other and with others known and unknown, to knowingly and intentionally manufacture, distribute, dispense and possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Scheduled II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).
>
> All in violation of Title 21, United States Code, Section 846.

*See* Indictment [DE-1]. Count Four charges:

> On or about March 19, 2010, in the Eastern District of North Carolina, STEVEN McCALL, the defendant herein, did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

*Id.* Count Eighteen charges as follows:

> From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, STEVEN McCALL, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

*Id.*

Defendant argues that Count Eighteen of the Indictment should be dismissed, or in the alternative, the court should require the Government to file a bill of particulars which specifies the date or dates on which the conduct alleged in Count Eighteen occurred. Defendant contends that this is necessary because Count Eighteen fails to provide any meaningful facts which sufficiently apprise him of what he must be prepared to meet so that he will not be misled while preparing his defense. Defendant further argues that the Government does not allege that he possessed pseudoephedrine on any particular date that falls within the six year span of the alleged conspiracy, and that he should not be required to guess when during this six-year period he purportedly broke the law. Defendant contends that at present he cannot defend himself against this particular charge, and as such, he is entitled to greater specificity.

The Government argues that Defendant's motion must be denied because Count Eighteen provides Defendant with notice of the general parameters of the conduct with which he is charged with sufficient precision to allow him to prepare for trial and to protect against double jeopardy. Additionally, the Government contends that it has provided Defendant with broad

2

discovery in this case. In fact, the Government notes that it has handed over one thousand, nine hundred and fifty-five (1,955) pages of material, which included statements made by numerous potential witnesses and cooperating defendants, reports of arrests of co-defendants, and pseudoephedrine logs for each purchase each defendant made during the time frame set forth in Count Eighteen.

In order to establish that a count of the indictment should be dismissed, a defendant must "demonstrate that the allegations therein, even if true, would not state an offense." *United States v. Thomas,* 367 F.3d 194, 197 (4th Cir. 2004). In addition, a motion to dismiss the indictment implicates only the legal sufficiency of its allegations and not the proof offered by the Government. *United States v. Terry,* 257 F.3d 366, 371 (4th Cir. 2001) (King, J., concurring). The Fourth Circuit has held as follows:

> [T]he sufficiency of an indictment should be determined by practical, as distinguished from purely technical, considerations. Does it, under all of the circumstances of the case, tell the defendant all that he needs to show for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good.

*United States v. Matzkin,* 14 F.3d 1014, 1019 (4th Cir.1994) (quoting *United States v. Missler,* 414 F.2d 1293, 1297 (4th Cir. 1969)).

Rule 7 of the Federal Rules of Criminal Procedure provides: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed.R.Crim.P. 7(c)(1). Specifically, the indictment must meet two requirements. *United States v. Hayes,* 775 F.2d 1279, 1282 (4th Cir. 1985). First, it "must charge all the essential elements of a criminal offense and sufficiently apprise the

3

defendant of what he must be prepared to meet so he will not be misled while preparing his defense[.]" *Id.* Second, the indictment "must protect the defendant against later prosecution for the same offense." *Id.*

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the court may direct the Government to file a bill of particulars. Fed.R.Crim.P. 7(f). The decision whether to grant or deny a motion for bill of particulars is within the sound discretion of the trial court. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973). A bill of particulars is appropriate when an indictment fails to provide adequate information to allow a defendant to understand the charges and to avoid unfair surprise. *See United States v. American Waste Fibers Co., Inc.*, 809 F.2d 1044, 1047 (4th Cir. 1987). "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

The Government's Response indicates that it has provided broad discovery to Defendant's previous and current counsel. The undersigned finds it most significant that the discovery provided includes pseudoephedrine logs which set forth each purchase made by each defendant during the time frame set forth in Count Eighteen. The undersigned agrees with the Government that these pseudoephedrine logs should provide Defendant with the information he is seeking in a bill of particulars. Specifically, the pseudoephedrine logs should apprise Defendant of the date or dates on which the conduct alleged in Count Eighteen occurred. For this reason, Defendant's Motion to Dismiss Count Eighteen, or In the Alternative, For A Bill of Particulars [DE-291] is DENIED.

4

Case 5:12-cr-00351-BO   Document 301   Filed 05/31/13   Page 4 of 5

SO ORDERED.

This, the  31st day of May, 2013.

                                         *James C. Fox*
                                         JAMES C. FOX
                                         Senior U.S. District Judge

5

Case 5:12-cr-00351-BO   Document 301   Filed 05/31/13   Page 5 of 5