IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-351-10-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| STEVEN MCCALL | ) | |

This cause comes before the court on three letters from defendant, construed herein as a single motion, to reduce or waive defendant's fine or to allow him to postpone payments until his release. [DE 714, 718, 726]. The government has responded in opposition to defendant's requests. [DE 724]. For the reasons that follow, defendant's *pro se* motion is DENIED.

## BACKGROUND

Defendant, McCall, was sentenced by this Court[1] to a term of 191 months' imprisonment following his plea of guilty to one count of conspiracy to manufacture, distribute, dispense, and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. [DE 480]. McCall was also ordered to pay a fine of $9,900.00 and a special assessment of $100.00, both due immediately and with interest waived on the fine. *Id.* The transcript of the sentencing hearing also reflects that the Court imposed a fine of $9,900.00. [DE 532]. McCall appealed his judgment, and the appealed was dismissed by the court of appeals on May 19, 2015, as untimely. [DE 549]. On October 3, 2016, McCall's custodial sentence was reduced to 152 months pursuant to a motion under 18 U.S.C. § 3582(c)(2) based on an amendment to the United States

---

[1] Senior Judge James C. Fox presided over this matter until its reassignment to the undersigned on April 6, 2017.

Sentencing Guidelines made retroactive by the United States Sentencing Commission. [DE 677].

In his letters, McCall states that he does not understand why he has to pay $10,000 and that he was just a drug user and did not manufacture or sell drugs. He further states that it would be fair if he only paid $150 like others and that he would like to pay his fine when he gets home.

DISCUSSION

"A judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks omitted) (alteration in original); 18 U.S.C. § 3582(c). These limited circumstances include, among others, a motion by the Director of the Bureau of Prisons based on "extraordinary and compelling reasons" and defendant's advanced age, or a reduction in sentence due to Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582.

Here, McCall has not put forth any statute or rule which would permit a modification of his judgment. Without this explicit approval, the Court is unable to modify a final judgment. Accordingly, McCall's request for reduction in fine must fail. In regard to McCall's request to postpone payment of his fine until he is released, such a request is effectively a challenge to the execution of his sentence, which must be brought pursuant to a petition for habeas corpus under 28 U.S.C. § 2241. *See Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005) (citing *Blaik v. United States*, 161 F.3d 1341, 1342 (11th Cir. 1998)). A petitioner must first exhaust his administrative remedies before seeking relief under § 2241. *Woodford v. Ngo*, 548 U.S. 81, 87-93 (2006). The Court declines to construe the letters in their current form as a petition under §

2241, but will provide McCall with the appropriate forms should he choose to file a habeas petition challenging the execution of his sentence.

## CONCLUSION

For the foregoing reasons, defendant's motion in letter form is DENIED as to his request for reduction in fine and DENIED WITHOUT PREJUDICE as to his request to postpone fine payments. The clerk is DIRECTED to provide defendant with forms on which to file a petition pursuant to 28 U.S.C. § 2241 should he choose to do so.

SO ORDERED, this __17__ day of November, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE