IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 5:12-CR-351-BO-10

| | | |
|---|---|---|
| STEVEN MCCALL,<br>Petitioner, | )<br>)<br>) | |
| v. | )<br>) | O R D E R |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | |

This cause comes before the Court on petitioner's *pro se* motion to postpone his restitution payments until his release from federal prison. [DE 750]. The government has responded in opposition and the matter is ripe for disposition. For the reasons that follow, petitioner's motion [DE 750] is DENIED.

## BACKGROUND

In July 2013, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to manufacture and distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. [DE 313]. In February 2014, the Court sentenced petitioner to a 191-month term of imprisonment and a lifetime of supervised release. [DE 464]. The Court also sentenced petitioner to pay a $9,900.00 fine and a $100.00 special assessment. *Id.* Both the special assessment and the fine were "due immediately," and the judgment provided that "payment of monetary penalties is due during imprisonment." [DE 480, p. 6]. The Fourth Circuit dismissed petitioner's appeal in June 2015. [DE 556].

In October 2016, the Court reduced petitioner's term of imprisonment to 152 months but left all other aspects of the sentence unchanged. [DE 677]. A balance of $9,428.62 remains

outstanding on petitioner's monetary penalties. He is scheduled for release from incarceration in 2024.

In November 2018, petitioner moved to postpone payment of his fine until he is released from prison. [DE 750]. In support, he argues that his counselor is taking "almost all" of the money he makes in prison and that he was not ordered to make payments while incarcerated. *Id.* The government has responded in opposition to petitioner's motion.

## DISCUSSION

Petitioner has moved to waive his restitution payments until he is released from federal custody, citing financial hardship. The government makes a number of arguments in opposition to any waiver or postponement of petitioner's restitution, arguing primarily that petitioner waived the right to challenge his sentence, that his motion is an improper collateral attack on his sentence, and that his claim fails on its merits.

Once a judgment is final, it generally can be amended only on appeal or if some federal statute or rule expressly authorizes modification. *Dillon v. United States*, 560 U.S. 817, 824–85 (2010). A sentence which imposes an order of restitution is a final judgment subject to modification in only limited circumstances. 18 U.S.C. § 3664(o). But 18 U.S.C. § 3664(k) permits modification based on a material change in a prisoner's financial circumstances. To find a material change, a court must conduct "an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Bratton-Bey*, 564 F. App'x 28, 30 (4th Cir. 2014). Petitioner has not alleged sufficient facts to enable such an objective comparison to take place. Further, petitioner's presentence investigation report shows no monthly cash flow and few assets, which the Court considered before imposing petitioner's restitution. [DE 444].

Additionally, petitioner's sentence does not require him to make restitution payments through the IFRP. It could not have done so, as the IFRP is a voluntary program administered by the Bureau of Prisons. 28 C.F.R. §§ 545.10–545.11; *Fontanez v. O'Brien*, 807 F.3d 84, 85 (4th Cir. 2015) ("[T]he IFRP is voluntary; the BOP cannot compel an inmate to make payments."). Petitioner is free to stop participating in the IFRP if he so chooses. But he has not alleged sufficient facts to demonstrate that a modification of his restitution is required, and his motion must be denied.

## CONCLUSION

For the above reasons, respondent's motion to postpone his restitution payments until he is released from federal prison [DE 750] is DENIED.

SO ORDERED, this ___ day of December, 2018.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE